UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JONATHAN D. JACKSON,

          Plaintiff,

  v.

STATE OF WASHINGTON
SUPERIOR COURT IN AND FOR THE
COUNTY OF STEVENS JUVENILE
DIVISION (DSHS/CPS),

          Defendant.

2:14-CV-00148-LRS

**ORDER OF DISMISSAL**

    The *pro se* Plaintiff has been allowed to file his Complaint *in forma pauperis* subject to review by the undersigned for legal sufficiency.  (ECF No. 4). Viewing the civil cover sheet which accompanied Plaintiff's Complaint (Attachment 1 to ECF No. 1), this is apparently intended as a 42 U.S.C. §1983 action in in which the Plaintiff alleges his federal constitutional rights have been violated by proceedings which have taken place or are currently taking place in the Stevens County Superior Court.  Plaintiff's Complaint refers to the "Constitutionality of state statutes in Dependency disposition" and alleges "[t]his District court has venue because Defendant is a resident of Stevens County Washington."  (ECF No. 5).  It appears from the caption on Plaintiff's Complaint- listing himself as the "Defendant" and the Stevens County Superior Court as the Plaintiff- that Mr. Jackson is challenging ongoing dependency proceedings in

**ORDER OF DISMISSAL-**        **1**

Stevens County Superior Court which involve him, but his Complaint is utterly devoid of any factual allegations regarding the nature of those proceedings. Mr. Jackson's civil cover sheet indicates he believes the Stevens County Superior Court matter "needs to be moved to federal court."

## I. ABSTENTION

*Younger* abstention is proper where: (1) there are ongoing state judicial proceedings; (2) that implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982). The "policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001). *Younger* permits "state courts to try state cases free from interference by federal courts," particularly where the party to the federal case may fully litigate his claim before the state court." *Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281 (1975). *Younger* "generally directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997).

"Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371 (1979). "[D]omestic relations [is] an area that has long been regarded as a virtually exclusive province of the States." *Sosna v. Iowa*, 419 U.S. 393, 404, 95 S.Ct. 553 (1975). "In addition, a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12, 97 S.Ct. 1211 (1977). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in

**ORDER OF DISMISSAL-** 2

which state courts have a special expertise and experience." *Id*.

Ongoing dependency proceedings in Stevens County Superior Court implicate important state interests. Mr. Jackson has an adequate opportunity in those proceedings to raise his constitutional claims. "Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519 (1987). If Mr. Jackson is dissatisfied with the results in Stevens County Superior Court, he can seek review of the constitutionality of the dependency proceedings in the Washington Court of Appeals and/or the Washington Supreme Court. If he is dissatisfied with his results in the state courts, he can petition the United States Supreme Court through a writ of certiorari for a review of the constitutionality of the dependency proceedings. *See* 28 U.S.C. §1257(a).

All of the requirements of the *Younger* abstention doctrine are met here. Indeed, the Ninth Circuit has specifically held that a civil rights action alleging that a state court judge violated the due process rights of the plaintiff in a child custody battle "is precisely the type of case suited to *Younger* abstention." *Koppel*, 203 F.3d at 613. *See also Safouane v. Fleck*, 226 Fed. Appx. 753, 758-59 (9th Cir. 2007) and *Belinda K. v. County of Alameda*, 2012 WL 273661 (N.D. Cal. 2012) (both involving dependency proceedings). The *Younger* doctrine has been extended to juvenile dependency proceedings, and even to Indian Child Welfare Act claims in such proceedings. *Belinda K.* at *3, citing *Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371 (1979) and *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996). Accordingly, assuming there are ongoing dependency proceedings in Washington state courts, the *Younger* abstention doctrine requires dismissal of Mr. Jackson's civil rights claims.

**ORDER OF DISMISSAL-** 3

## II. *ROOKER-FELDMAN*

If the state court dependency proceedings are not "ongoing" and Mr. Jackson is attempting to challenge prior proceedings, such a claim is barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana v. Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (2002). Under this doctrine, a federal district court does not have jurisdiction to hear a direct appeal from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The *Rooker-Feldman* doctrine applies to *de facto* appeals. *Id*. at 1158. "It is a forbidden *de facto* appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from a judgment of that court." *Id*. at 1163. "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal court." *Id*. at 1164.

## III. CONCLUSION

Based on the foregoing, and pursuant to 28 U.S.C. §1915(e)(2)(B), the *pro se* Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. An amendment of the Complaint cannot cure the deficiencies discussed herein.

//
//
//
//
//
//
//

**ORDER OF DISMISSAL-    4**

Pursuant to 28 U.S.C. §1915(a)(3), it is hereby **CERTIFIED** that any appeal from this Order Of Dismissal is not taken in good faith.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly, forward copies of the same to Mr. Jackson, and close the file.

**DATED** this ___16th___ day of July, 2014.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER OF DISMISSAL-** 5